UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60233
_____


AL COPELAND,

                              Plaintiff - Appellant,

                    versus

GOLD COAST CASINO, The Vessel, Her Machinery, Equipment,
Appurtenances, Tackles, Necessaries, Etc., IN REM,

                              Defendant,

                    and

AMERICAN GAMING CORPORATION, IN PERSONAM; MCCARLIE
ENTERPRISES, INCORPORATED; GENE MCCARLIE; THOMAS WALMAN,

                              Defendants - Appellees.


_____

Appeal from the United States District Court for the
            Southern District of Mississippi
                  (1:93-CV-516-BrR)
_____

May 9, 1996

Before GARWOOD, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

       Appellant Al Copeland appeals from an adverse judgment based
upon Rule 50(a).  Having considered the briefs, oral argument of
counsel, and pertinent parts of the record, we find no error by the

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

district court that would require reversal.

Copeland's breach of contract claim was properly kept from the jury because the letter of intent was too vague, uncertain, and lacking in essential terms to be enforceable under Mississippi law. See Massengill v. Guardian Management Co., 19 F.3d 196 (5th Cir. 1994); Knight v. Sharif, 875 F.2d 516 (5th Cir. 1989). Copeland's good faith and fair dealing claim fails due to the absence of a contractual or fiduciary duty. See Knight, 875 F.2d at 525; Carter Equip. Co. v. John Deere Indus. Equip. Co., 681 F.2d 386, 390-91 (5th Cir. 1982). Similarly, Copeland's various fraud, misrepresentation, and estoppel claims fail for lack of reasonable reliance, and lack of evidence of a misrepresented present fact, see Solomon v. Walgreen Co., 975 F.2d 1086, 1091 (5th Cir. 1992); Spragins v. Sunburst Bank, 605 So.2d 777, 780 (Miss. 1992); Singing River Mall v. Mark Fields, Inc., 599 So.2d 938, 945 (Miss. 1992), and because the evidence on the essential element of damages was too speculative to allow a recovery for any of Copeland's alleged claims. Finally, the district court did not abuse its discretion in excluding the damages evidence that Copeland claims was wrongfully excluded at trial.

AFFIRMED.